# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 9, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DOFF D. BELCHER,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1030** (BOR Appeal No. 2049478)
                    (Claim No. 2013012991)

**PANTHER BRANCH COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Doff D. Belcher, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Panther Branch Coal Company, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 16, 2014, in which the Board affirmed a May 22, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 29, 2013, decision which granted Mr. Belcher a 10% permanent partial disability award for occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Belcher worked as an underground coal miner for over thirty years. For some period of that time he worked as a roof bolter for Panther Branch Coal Company. In 1998, Mr. Belcher began experiencing atypical chest pain and was treated at Charleston Area Medical Center. A chest x-ray taken at the time showed minimal pleural thickening, but Mr. Belcher's lungs were clear of active infiltrates. Mr. Belcher reported at the time that he had smoked one and a half to two packs of cigarettes a day for the last thirty-five years. Mr. Belcher continued to have chest pain, and on June 3, 2004, he was granted a 10% permanent partial disability award related to

1

occupational pneumoconiosis. Mr. Belcher also had three CT chest scan taken soon after the grant of this award revealing that he had pulmonary emphysema with hyperinflation as well as interstitial scarring of the right middle lobe.

Several years later, D. L. Rasmussen, M.D., evaluated Mr. Belcher and determined that he had a history of shortness of breath which was getting worse. Dr. Rasmussen performed a diffusion capacity study which revealed that Mr. Belcher had severe and totally disabling chronic obstructive pulmonary disease. Dr. Rasmussen specifically noted that Mr. Belcher developed hypoxia during light exercise which would prevent him from performing the duties of his employment as a coal miner. At the time of the evaluation, x-rays were taken of Mr. Belcher's chest which indicated the presence of pneumoconiosis. Dr. Rasmussen believed that it was not possible to distinguish the effect of Mr. Belcher's exposure to coal dust from damage done to his lungs from his extensive history of cigarette smoking. However, Dr. Rasmussen believed that Mr. Belcher's disabling lung disease should be attributed to a combination of occupational pneumoconiosis and cigarette smoke. Mr. Belcher then filed a new claim for workers' compensation benefits based on his exposure to the hazards of inhaling minute particles of coal dust. The claims administrator held his claim compensable. The Occupational Pneumoconiosis Board then evaluated Mr. Belcher. It found that he had 20% whole person impairment attributable to occupational pneumoconiosis. The Occupational Pneumoconiosis Board found that there was insufficient radiographic evidence of pleural or parenchymal thickening to diagnose Mr. Belcher with occupational pneumoconiosis. However, the Occupational Pneumoconiosis Board found that his extensive exposure to the hazards of inhaling minute particles of coal dust over a thirty-year history of work in the mines entitled him to a 20% permanent partial disability award. The Occupational Pneumoconiosis Board found that he had previously been granted a 10% permanent partial disability award related to a prior occupational pneumoconiosis claim, and he was, therefore, entitled to an additional 10% award.

On May 29, 2013, the claims administrator granted Mr. Belcher a 10% permanent partial disability award for occupational pneumoconiosis based on the Occupational Pneumoconiosis Board's findings. The Occupational Pneumoconiosis Board then testified in a hearing before the Office of Judges. On behalf of the Board, Jack L. Kinder Jr., M.D., testified that Mr. Belcher was only entitled to a 20% permanent partial disability award because he had a significant history of exposure during his work in the coal mines. Dr. Kinder admitted that the pulmonary function studies conducted by the Board showed that Mr. Belcher had total pulmonary impairment. However, he believed that the majority of Mr. Belcher's pulmonary impairment was related to his significant smoking history. Dr. Kinder pointed out that Mr. Belcher's x-rays did not show any evidence of pneumoconiosis. He also noted that the diffusion study conducted by the Board could not be used to determine the extent of Mr. Belcher's pulmonary impairment because Mr. Belcher's carboxyhemoglobin level was 6.9 at the time of the test. Following this hearing, Dr. Rasmussen issued a report in which he disagreed with the Occupational Pneumoconiosis Board's findings. He believed that Mr. Belcher was totally impaired. He found that Mr. Belcher's impairment was related to his cigarette smoking and coal dust exposure. He believed that the effects of Mr. Belcher's inhalation of coal dust and cigarette smoke were indistinguishable. He found, in contrast to the findings of the Occupational Pneumoconiosis Board, that a significant part of Mr. Belcher's impairment was related to his exposure to coal dust and that he should be

compensated as if he were totally disabled due to occupational pneumoconiosis. The Occupational Pneumoconiosis Board then testified in a second hearing before the Office of Judges. On behalf of the Board, Dr. Kinder repeated its findings that Mr. Belcher had 20% whole person impairment related to occupational pneumoconiosis. He stated that Mr. Belcher was entitled to a 10% permanent partial disability award to compensate him for the additional impairment beyond the 10% award he was previously granted. Dr. Kinder noted that the Board made its diagnosis of occupational pneumoconiosis on a clinical basis even though there was no radiographic evidence of pneumoconiosis. Dr. Kinder testified that any impairment beyond the 20% determined by the Board was related to non-occupational factors. He also noted that Mr. Belcher's carboxyhemoglobin level during the diffusion testing relied upon by Dr. Rasmussen was 5.2. On May 22, 2014, the Office of Judges affirmed the claims administrator's decision granting Mr. Belcher a 10% permanent partial disability award. The Board of Review affirmed the Office of Judges' Order on September 16, 2014, leading Mr. Belcher to appeal.

The Office of Judges concluded that Mr. Belcher had 20% pulmonary impairment related to occupational pneumoconiosis, which entitled him to 10% permanent partial disability beyond the 10% award previously granted. The Office of Judges based this determination on the findings of the Occupational Pneumoconiosis Board. The Office of Judges found that the Occupational Pneumoconiosis Board determined that Mr. Belcher had 20% whole person impairment and repeated this determination in both of the hearings before the Office of Judges. The Office of Judges determined that the Occupational Pneumoconiosis Board's findings were not clearly wrong. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Mr. Belcher asserts that he is entitled to an additional permanent partial disability award and permanent total disability benefits based on Dr. Rasmussen's findings that he had total pulmonary impairment related to occupational pneumoconiosis.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Belcher has not demonstrated that he is entitled to any greater than a 10% permanent partial disability award related to occupational pneumoconiosis. Mr. Belcher has also not demonstrated that he is entitled to permanent total disability benefits related to occupational pneumoconiosis. Although Mr. Belcher has significant pulmonary impairment, the evidence in the record shows that a majority of his pulmonary disability is related to his over thirty-year history of cigarette smoking. The Occupational Pneumoconiosis Board found that there was no radiographic evidence of occupational pneumoconiosis but that Mr. Belcher's thirty-year history of coal dust exposure justified 10% permanent partial disability beyond the 10% award he was granted on June 3, 2004. The Office of Judges properly accorded this medical determination "considerable deference" in reaching its own conclusions. *Fenton Art Glass Co. v. W. Va. Office of Ins. Comm'r*, 222 W. Va. 420, 431, 664 S.E.2d 761, 772 (2008). The report of Dr. Rasmussen is not sufficient to justify any additional award. The elevated carboxyhemoglobin level recorded by Dr. Rasmussen precludes consideration of his diffusion capacity testing in determining Mr. Belcher's pulmonary impairment. West Virginia Code of State Rules § 85-20-52.9(f)(7)(G) (2006).

3

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II